IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Daniel Turner, | C/A No. 4:18-cv-385-AMQ |
| Plaintiffs, | **OPINION AND ORDER** |
| Coastal Carolina University, David A. DeCenzo, J. Ralph Byington, Daniel J. Ennis, and Kate Faber Oestreich, | |
| Defendants. | |

This matter comes before the Court on the Motion to Dismiss filed by Defendants Coastal Carolina University, J. Ralph Byington and Daniel J. Ennis (ECF No. 5) and the Motion to Dismiss filed by Defendant Kate Faber Oestreich (ECF No. 15) pursuant Federal Rule of Civil Procedure 12(b)(6). The matter has been fully briefed, and the Court heard argument from counsel on June 7, 2018. For the following reasons, the Court hereby denies Defendants' motions to dismiss.

## **BACKGROUND**

Plaintiff Daniel Turner ("Plaintiff") filed this action on January 8 2018, in the Horry County Court of Common Pleas. (ECF No. 1-2.) Defendants Coastal Carolina University ("CCU"), J. Ralph Byington ("Defendant Byington") and Daniel J. Ennis ("Defendant Ennis"), with the consent of Kate Faber Oestreich ("Defendant Oestreich"), removed the case to this Court on February 9, 2018. (ECF No. 1.) Plaintiff's complaint sets forth ten causes of action against CCU and the individually named defendants alleging breach of contract, negligence, public policy discharge, violation of the South Carolina Freedom of Information Act, violations of 42 U.S.C. § 1983, defamation and civil conspiracy, among others. (ECF No. 1-1.)

1

Defendants CCU, Byington and Ennis filed their Motion to Dismiss on February 9, 2018. (ECF 5.) Defendants' motion seeks partial dismissal of the complaint, specifically requesting that the Court dismiss Plaintiff's claims under 28 U.S.C. § 1983 and remand this case to state court. *Id.* Alternatively, Defendants ask the Court to dismiss Plaintiff's negligence cause of action against CCU, Plaintiff's cause of action for public policy discharge against CCU and Plaintiff's cause of action for civil conspiracy if the court refuses to dismiss the § 1983 claims. *Id*.

Defendant Oestreich filed her Motion to Dismiss on March 8, 2018. (ECF No. 15.) Defendant Oestreich's motion seeks to dismiss the single civil conspiracy claim in which she is named. *Id*. In her motion, she incorporates the argument made by Defendants CCU, Byington and Ennis in their Motion to Dismiss. *Id*. Defendant Oestreich also argues that Plaintiff failed to plead sufficient factual content to meet the minimum pleading requirements in order state a claim for civil conspiracy.

Plaintiff filed a motion to amend his complaint on May 11, 2018. (ECF No. 29.) In the motion, Plaintiff requested amendment of the complaint to: (1) effectuate joinder of CCU president, David DeCenzo ("DeCenzo"), as a Defendant in the 42 U.S.C § 1983 claims (speech and due process); (2) replace the previous public policy discharge allegation with a citation and reference to S.C. Code Ann., § 8-17-380; and (3) remove Defendant CCU from Plaintiff's 42 U.S.C. § 1983 claims. (ECF No. 29.) Originally, the Court did not intend to hear argument on Plaintiff's motion at the hearing on June 7, 2018. However, at the hearing, all parties asked the court to grant Plaintiff's motion to amend (ECF No. 29) and consider Defendants' motions to dismiss in light of the amended complaint. The Court granted the request of the parties.

Therefore, the Court considers these motions as they pertain to Plaintiff's amended complaint.[1] *See* (ECF No. 33.)

## **FACTUAL BACKGROUND**

In 2010, Defendant CCU hired Plaintiff for a tenure-track professorship in its English Department focusing on 20th Century American Literature. (ECF No. 33.) Plaintiff's evaluations reflect that he consistently met the performance requirements established by CCU. *Id*. As a result, CCU granted Plaintiff tenure and promotion to Associate Professor in 2013. *Id*. During his time at CCU, Plaintiff was an outspoken advocate for transparency, academic freedom and shared faculty governance. *Id*.

Defendant Ennis served as the Dean of the College of Humanities and Fine Arts while Plaintiff taught in the English Department. *Id*. In that role, Defendant Ennis exercised oversight over Plaintiff and other faculty in the College of Humanities and Fine Arts, including the English Department. *Id*. Over the years, Plaintiff and Defendant Ennis clashed due to Plaintiff's insistence on transparency, academic freedom and shared faculty governance versus Defendant Ennis' penchant for nepotism and control. *Id*.

On October 18, 2016, Defendant Ennis participated in an English Department meeting attended by Plaintiff and other members of the English Department. *Id*. The purpose of the meeting was to appoint the successor of the English Department Chair Dan Albergotti. *Id*. Defendant Ennis suggested an informal method of selecting the new Department Chair, while Plaintiff demanded that the faculty adhere to English Department bylaws in selecting the new Chair. *Id*. After further discussion about the bylaws and faculty reimbursement for professional expenses, Defendant Ennis left the meeting without addressing Plaintiff's concerns. *Id*. Plaintiff

---

[1] Due to the fact that the Court considers these motions to dismiss as they pertain to Plaintiff's amended complaint (ECF No. 33), Defendants' arguments regarding the 42 U.S.C. § 1983 claims against Defendant CCU are moot. In Plaintiff's amended complaint, he does not assert § 1983 claims against Defendant CCU.

followed Defendant Ennis out of the meeting and patted Defendant Ennis on the back to get his attention. *Id*. Defendant Ennis then asked Plaintiff if he had hit him. *Id*. Plaintiff responded that he had not hit him and simply patted him on the back to get his attention. *Id*. Defendant Ennis then left the area, and Plaintiff returned to the English Department meeting. *Id.*

After this interaction, Defendant Ennis reported Plaintiff for assault and battery. *Id*. As a result, CCU suspended Plaintiff without pay effective October 18, 2016. *Id*. Months later, on December 14, 2016, Plaintiff received a letter from Defendant Byington notifying him that he was being recommended for termination. *Id*. However, the letter did not state the underlying conduct forming the basis for termination. *Id*. Defendant Byington eventually referred the matter to the CCU Promotion and Tenure Committee, which voted 8-0 against the University in finding that revocation of Plaintiff's tenure was inappropriate.[2] *Id*. The next day, on October 9, 2017, CCU President, Defendant DeCenzo, reversed the unanimous decision of the Promotion and Tenure Committee. *Id*. CCU later terminated Plaintiff effective November 29, 2017, after the CCU Board of Trustees denied Plaintiff's appeal of the Termination decision. *Id*.

## LEGAL STANDARD

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads

---

[2] Even though the Promotion and Tenure Committee voted against Plaintiff's revocation of tenure, Plaintiff alleges that Defendant Oestreich lied to the Committee when she stated that she had witnessed Plaintiff commit an assault and battery upon Defendant Ennis. This forms the basis of the civil conspiracy claim against Defendant Oestreich.

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). In considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

## **ANALYSIS**

After considering Plaintiff's amended complaint, the applicable law, the filings of the parties and argument from counsel, the Court finds that Plaintiff has set forth a short and plain statement with sufficient supporting factual allegations to state a claim for relief that is plausible on its face as to all causes of action. Accordingly, the motions to dismiss filed by Defendants CCU, Byington, Ennis and Oestreich are hereby denied.

This order should not be construed as any indication about the merits of Plaintiff's claims. The discovery process should help frame the issues so that the arguments raised by Defendants can be addressed at the summary judgment stage of the case if necessary.

## **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss (ECF No. 5) filed by Defendants CCU, Byington and Ennis is hereby DENIED. The Motion to Dismiss (ECF No. 15) filed by Defendant Oestreich is also DENIED.

IT IS SO ORDERED.

/s/ A. Marvin Quattlebaum, Jr.<br>A. Marvin Quattlebaum, Jr.<br>United States District Judge

July 2, 2018
Greenville, South Carolina